FILED
MAY 10 2001
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

PHILLIP J. BARKER, individually and doing business as SABRE ASIA,

    Plaintiff,

v.

RIO LINDA CHEMICAL COMPANY, INC., a Delaware corporation; VULCAN CHEMICAL TECHNOLOGIES, INC., a corporation; VULCAN MATERIALS COMPANY, INC., a corporation; DOES 1-500, inclusive,

    Defendants.

NO. CIV. S-01-0740 WBS/DAD

MEMORANDUM AND ORDER

----ooOoo----

Plaintiff seeks to confirm an arbitration award against defendants Rio Linda Chemical Company, Inc., Vulcan Chemical Technologies, Inc., Vulcan Materials Company, Inc. and Does 1-500, inclusive ("Vulcan"). Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441, asserting jurisdiction on the basis of diversity. See 28 U.S.C. § 1332. Plaintiff moves to remand.

///

I. <u>Procedural Background</u>

On April 14, 1999, plaintiff, who is a California citizen, filed suit against defendants for breach of contract in the California Superior Court, County of Sacramento. On December 5, 1999, the Superior Court granted defendants' motion to compel arbitration pursuant to the California Arbitration Act ("CAA"), and stayed the action. On March 21, 2001, the arbitrator decided in favor of plaintiff, awarding $21,128,000, plus attorney's fees and costs.

On March 23, 2001, defendants filed a petition to vacate the arbitration award in the United States District Court, Western District of Virginia, Big Stone Gap Division ("Virginia action"), pursuant to the Federal Arbitration Act ("FAA"). On April 5, 2001, plaintiff filed a petition to confirm the arbitration award in Sacramento Superior Court.[1] Plaintiff also filed a motion in the Western District of Virginia to dismiss, stay or abstain the Virginia action.

Defendants removed plaintiff's petition to confirm the arbitration award to this court on April 16, 2001, claiming that the petition is a separate and independent proceeding from the action for breach of contract, and that the parties were diverse when plaintiff filed his petition. In addition, defendants move to stay or transfer the action because defendants filed the Virginia action before plaintiff filed his petition to confirm.

---

[1] Plaintiff was prohibited from filing his petition for at least ten days after the final award. <u>See</u> Cal. Civ. Proc. Code § 1288.4 ("No petition may be served and filed under this chapter until at least 10 days after service of the signed copy of the award upon the petitioner); <u>see also</u> Cal. Civ. Proc. Code § 1013.

II. Discussion

On plaintiff's motion for remand, defendants bear the burden of establishing that removal jurisdiction is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Subject matter jurisdiction is determined on the basis of the facts that existed at the time the action was filed." Stock West Corp. v. Taylor, 964 F. 2d 912, 917 (9th Cir. 1992). When removal is based on diversity, complete diversity must exist both at the time the action was filed and at the time of removal. See United Food Local 919 v. Centermark Properties, 30 F.3d 298, 301 (2nd Cir. 1994)(citing 14A Wright & Miller § 3723, at 311-12); Goff v. Michelin Tire Corp., 837 F. Supp. 1143, 1144 (M.D. Ala. 1993)(citing Stevens v. Nichols, 130 U.S. 230 (1889)). Further, section 1441 requires that the entire action be removable when subject matter jurisdiction is based on 28 U.S.C. § 1332. See 28 U.S.C. § 1441(a) (allowing removal of any "civil action"); 28 U.S.C. § 1441(c) (omitting any reference to claims based on 28 U.S.C. § 1332); see also Nolan v. Boeing Co., 919 F.2d 1058, 1065 (5th Cir. 1990) (use of term "action" in removal statute refers to case in its entirety), cert. denied, 499 U.S. 962 (1991).

Diversity did not exist at the time plaintiff filed his complaint for breach of contract because defendants' principal place of business was in California. Although defendants argue that the action was "improperly filed," they did not seek simply dismissal of the action, but instead moved to dismiss *or stay* the action and to compel arbitration. The Superior Court granted defendants' motion to compel and stayed the action. Then, sometime before plaintiff filed his petition to confirm the

3

arbitration award, defendants moved their principal place of business to Birmingham, Alabama.

The cases cited by defendants do not support a finding that plaintiff's petition to confirm the arbitration award can be removed as a separate and independent proceeding from the non-removable breach of contract action.  In Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co., 529 U.S. 193 (2000), the United States Supreme Court considered whether the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9-11, limits venue for a motion to confirm, vacate, or modify an arbitration award to the district in which the award was made.  See Cortez, 529 U.S. at 195 (holding that the FAA does not limit choice of venue; a party may file such a motion in any venue proper under the general venue statute, 28 U.S.C. § 1391).  The discussion of venue has no bearing on whether jurisdiction is proper, or whether a petition to confirm an arbitration award is an independent proceeding that is separately removable from a pending action in state court.

In Ballantine Books, Inc. v. Capital Distrib. Co., 302 F.2d 17 (2nd Cir. 1962), also cited by defendants, the Second Circuit considered whether a federal court could "entertain an independent action dealing with the same subject matter as an action already pending before a state court."  Id. at 19.  The Second Circuit determined that the district court had jurisdiction to consider a plaintiff's petition to confirm an arbitration award despite the fact that defendant had previously filed a motion in state court to disqualify an arbitrator.  Id. at 19-10.  The court reasoned that "[a] party's unsuccessful attempt to have a state court entertain a motion to intervene in

4

arbitration proceedings does not give the state court jurisdiction of the entire proceeding." Id. at 20.

Ballantine is distinguishable from the present case because it did not involve the removal of a state court proceeding to federal court. The plaintiff in Ballantine commenced its action to confirm the arbitration award in federal court. Further, the prior state court involvement was limited to the consideration and denial of the defendant's motion to disqualify an arbitrator. A non-removable civil action was not pending in state court, and the arbitration proceeding was not compelled by an order of the state court.[2]

Finally, in Manze v. State Farm Ins. Co., 817 F.2d 1062 (3rd Cir. 1987), the Third Circuit considered whether the defendant's removal of the plaintiff's petition to appoint a neutral arbitrator was timely under 28 U.S.C. § 1446(b). In that case, plaintiff had previously filed petitions to compel arbitration and appoint a neutral arbitrator in state court, which the court dismissed as moot when the parties settled on the appointment of a neutral arbitrator. When the parties failed to arbitrate, plaintiff again filed a petition to appoint a neutral arbitrator, which the defendant removed to federal court.
///

---

[2] But see Local 501, International Ladies' Garment Workers' Union v. Barmon Brothers Company, Inc., 418 F. Supp. 267 (S.D.N.Y. 1976)(holding that state court's entry of order compelling arbitration did not deprive federal district court of jurisdiction). Garment Workers is distinguishable because like Ballantine, the case did not involve removal because the petition to confirm was commenced in federal court. Further, Garment Workers did not involve an underlying civil action, or the establishment of diversity jurisdiction.

5

1  The plaintiff in <u>Manze</u> argued that the defendant's
2  removal was not timely because it was not filed within thirty
3  days from her initial petitions to compel arbitration and appoint
4  a neutral arbitrator. See 28 U.S.C. § 1446(b) (requiring that
5  notice of removal be filed within thirty days from receipt of the
6  "initial pleading"). The Third Circuit concluded that the
7  initial petitions did not constitute the "initial pleading" under
8  section 1446(b) because the state court dismissed the first
9  petitions as moot. According to the court, the plaintiff's
10 second petition to appoint a neutral arbitrator restarted the
11 running period of thirty days under section 1446(b).

12  Unlike in <u>Manze</u>, the state court action here was not
13 dismissed when the court compelled arbitration, but rather, the
14 court stayed the action upon defendants' motion. Thus,
15 plaintiff's petition to confirm would not constitute an "initial
16 pleading" for purposes of removal under the analysis in <u>Manze</u>.

17  In the absence of any authority that directly supports
18 removal of the petition to confirm as a separate proceeding, the
19 court will resolve any doubts in favor of remand. See <u>Gaus</u>, 980
20 F.2d at 566 (emphasizing the "strong presumption" against removal
21 jurisdiction). Because diversity did not exist on the date
22 plaintiff filed his complaint, the court does not have removal
23 jurisdiction based on 28 U.S.C. § 1332.[3]

---

[3] Accordingly, the court does not consider defendants' motion to stay, transfer or dismiss the action.

6

1       IT IS THEREFORE ORDERED that plaintiff's motion for
2 remand be, and the same hereby is, GRANTED.
3 DATED: May 9, 2001

                                  WILLIAM B. SHUBB
                                  UNITED STATES DISTRICT JUDGE

United States District Court
for the
Eastern District of California
May 10, 2001

* * CERTIFICATE OF SERVICE * *

2:01-cv-00740

Barker

   v.

Rio Linda Chemical

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 10, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

     Hartley T Hansen                          SH/WBS
     Hansen Boyd Culhane and Watson
     1331 21st Street                          MG/DAD
     Sacramento, CA   95814

     James M Schurz
     Morrison and Foerster LLP
     425 Market Street
     San Francisco, CA   94105-2482

     A H Gaede
     PRO HAC VICE
     Bradley Arant Rose and White
     2001 Park Place
     Suite 1400
     Birmingham, AL   35223

     Jeffrey M Anderson
     PRO HAC VICE
     Bradley Arant Rose and White
     2001 Park Place
     Suite 1400
     Birmingham, AL   35223

Sacramento Superior Court
720 Ninth Street
Sacramento, CA 95814
(99AS02073)

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk